UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT EUGENE STILL,**

               **Petitioner,**

vs.                                       Case No. 8:05-CV-1817-T-27MSS
                                                     Crim. Case No. 8:04-CR-17-T-27MSS

**UNITED STATES OF AMERICA,**

               **Respondent.**
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), supporting memorandum (CV Dkt. 2) and the United States' Response in Opposition thereto (CV Dkt. 8).[1] Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts (2005)[2], the Court has undertaken a preliminary review of the motion and the prior proceedings in the underlying criminal case. Upon review, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is not entitled to relief.

Petitioner was charged in a one count Indictment with possessing a firearm, having previously been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (CR Dkt.

---

[1] Petitioner was afforded an opportunity to file a reply to the response of the United States, but failed to do so. (See CV Dkt. 9).

[2] Rule 4(b) provides, in pertinent part, that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

1). Pursuant to a written plea agreement, Petitioner pled guilty on June 1, 2004. (CR Dkts. 20, 21). On September 28, 2004, Petitioner was sentenced to 180 months imprisonment to be followed by 36 months of supervised release. (CR Dkts. 44, 45). Petition did not appeal his conviction and sentence. His Petition is timely.[3]

The Indictment alleged that Petitioner possessed a firearm after having been convicted in Florida of armed robbery in two cases and attempted armed robbery in another case. (CR Dkt. 1). Petitioner stipulated to these prior convictions in his plea agreement. (CR Dkt. 20, p. 14). Pursuant to 18 U.S.C. § 924(e) and USSG § 4B1.4, as a result of these convictions, Petitioner was sentenced as an armed career criminal and was accordingly subject to a minimum mandatory sentence of 15 years.

In his § 2255 motion, Petitioner alleges that his attorney was ineffective "for failing to investigate Petitioner's non-violent attempted armed robbery conviction" and "Petitioner's underage prior convictions." (CV Dkt. 1, pp. 6-7). Based on controlling precedent at the time of the sentencing, Petitioner's claims of ineffective assistance of counsel are without merit.

At the time of Petitioner's sentencing, it was settled in this Circuit that an attempt to commit a violent felony constituted a violent felony for purposes of § 924(e). *See United States v. Rainey*, 362 F.3d 733, 734-36 (11th Cir.), *cert. denied*, 541 U.S. 1081 (2004). Petitioner's attempted armed robbery conviction therefore, constitutes a violent felony for purposes of § 924(e). *See United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002). Petitioner's counsel could not have been ineffective in failing to make a meritless objection to that conviction. *See Diaz v. Secretary of Dept.*

---

[3] *See Adams v. United States*, 173 F.3d 1349, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing); *see also Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001).

*of Corrections*, 402 F.3d 1136, 1142 (11th Cir.), *cert. denied*, 2005 WL3272214 (counsel can not be ineffective in failing to raise meritless argument.); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992); *Chandler v. Moore*, 240 F.3d 907, 917-18 (2001)(counsel not ineffective for failing to raise a non-meritorious issue)(*citing United States v. Nyhuis*, 211 F.3d 1340, 1344 (11 th Cir. 2000)).

Petitioner also contends that his attorney was ineffective in failing to investigate and argue that a prior juvenile conviction could not be used for purposes of § 924(e). Petitioner mistakenly contends he was 17 years old when he committed the three prior violent felonies.[4] His date of birth is September 17, 1962 and the three offenses were committed in March and May of 1981. Petitioner was therefore 18 years old when he committed those offenses. Regardless, counsel could not have been ineffective in failing to challenge a prior juvenile conviction for a crime of violence as "Congress . . . explicitly includes juvenile offenses within the purview of its definition of 'prior convictions' under the [armed career criminal] act." *United States v. Owens*, 15 F.3d 995, 998 (11th Cir. 1994).

To the extent Petitioner contends that his attorney "forced" him to enter a plea of guilty, the record of Petitioner's change of plea hearing and the terms of his plea agreement plainly refutes any such contention. (CR Dkts. 20, 43). As part of the thorough Rule 11 change of plea colloquy, Petitioner confirmed under oath that he was pleading guilty voluntarily. (CR Dkt. 43, pp. 8-9, 37, 51). In fact, during the change of plea hearing, the Magistrate Judge specifically questioned the

---

[4] (1) Case No. CF81-0761A1-XX, Armed Robbery, 10th Judicial Circuit in and for Polk County, Florida;
(2) Case No. CF81-0864A2-XX, Attempted Armed Robbery, 10th Judicial Circuit in and for Polk County, Florida; and
(3) Case No. 81-112, Armed Robbery, 9th Judicial Circuit in and for Osceola County, Florida.

Defendant as follows:

> THE COURT: Is anybody forcing you to enter a plea in the case today, Mr. Still?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Is this a voluntary decision you're making in this case today?
>
> THE DEFENDANT: Yes. Yes, ma'am.

(CR Dkt. 43, p. 37)

The representations made at a plea hearing, along with the findings made by the judge accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). A defendant's statements made in open court are presumed to be true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). This presumption is not overcome by a defendant's bald assertion of misunderstanding. *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir. 1988). A defendant will not be heard to later contend that his sworn statements made during a Rule 11 colloquy are false. *United States v. Stitzer*, 785 F.2d 1506, 1514, n. 4 (11th Cir. 1986). Accordingly, given Petitioner's sworn statements during the plea colloquy and in his plea agreement that he was pleading guilty "freely and voluntarily . . . without threats, force, intimidation, or coercion of any kind," Petitioner's allegations that his attorney "forced" him to plead guilty are clearly refuted by the record. (CR Dkt. 20, p. 12, ¶ B(8)). As Petitioner has not established that counsel's performance was deficient or that he was prejudiced by a deficient performance, his ineffective assistance of counsel claim necessarily fails. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).

There is no need for an evidentiary hearing as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to

relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002); *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984). Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. The clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in chambers this 30th day of August, 2006.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Petitioner/pro se
Counsel of Record